Filed: 8/8/2023 9:15 AM
Michael Gould
District Clerk
Collin County, Texas
By Elizabeth Anderson Deputy
Envelope ID: 78294617

471-04329-2023

CAUSE NO. _____

| | | |
|---|---|---|
| PRUVIT VENTURES, INC., | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | ____ JUDICIAL DISTRICT |
| | § | |
| CASEY KIO, | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF PRUVIT VENTURES, INC.'S VERIFIED ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Pruvit Ventures, Inc. ("Pruvit"), and files this its Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against Defendant Casey Kio. In support thereof, Pruvit respectfully shows the Court the following:

## I.
## DISCOVERY LEVEL AND RULE 47 STATEMENT

1.      Pruvit intends to conduct discovery under Level 3, pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE. Pruvit affirmatively pleads that this lawsuit is not governed by the expedited action process under Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE, as Pruvit states it seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees, and for all other relief to which Pruvit may be entitled. *See* TEX. R. CIV. P. 47(c)(4), (d). As this lawsuit is at its inception and discovery has not yet been conducted, Pruvit reserves the right to modify and/or amend the foregoing statement of relief.

**II.**
**PARTIES**

2.      Pruvit Ventures, Inc. is a domestic corporation authorized to conduct business in the state of Texas with a principal place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.      Defendant Casey Kio ("Kio") is an individual and a resident of Gloucester County, New Jersey. Kio resides at her home address of 509 Sammy Street, Woolwich Township, New Jersey 08085, and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as her agent for service, because Defendant Kio has engaged in business in Texas but has not designated or maintained a registered agent for service of process in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b).

**III.**
**JURISDICTION AND VENUE**

4.      This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. *See* TEX. R. CIV. P. 47(b).

5.      This Court has personal jurisdiction over Kio under the Texas Long-Arm Statute (TEX. CIV. PRAC. & REM. CODE § 17.042, et. seq.) because Defendant contracted with a Texas resident, has committed a tort, in whole or in part, against Pruvit in Texas, as described in greater detail herein. Pruvit's claims and causes of action arise out of Kio's purposeful actions directed towards Pruvit in the state of Texas. Further Kio and Pruvit contractually agreed that all disputes between the Parties are subject to Texas law and shall be resolved in Courts located in Collin County, Texas.

6.      Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES & REMEDIES CODE as all or substantially all of the events giving rise to Pruvit's

causes of action arose in Collin County and Defendant agreed to courts in Collin County, Texas. as the exclusive forum for resolution of disputes. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

**IV.**
**STATEMENT OF FACTS**

**A.  PRUVIT VENTURES, INC. AND ITS AGREEMENTS WITH ITS PROMOTERS.**

7.  Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products.  Pruvit is a community-based marketing company that has independent promoters, called Pruvers, that market and sell its unique products throughout the country.

8.  Over time, as senior Pruvit promoters bring in new promoters, an up-line and down-line structure is created.  In many cases, Pruvit's successful Pruvers have created extensive downlines of fellow Pruvers totaling in the hundreds.

9.  Pruvit invests significant amounts of time, money, and resources into protecting its technology and the integrity of its community of representatives. When a Pruver leaves Pruvit, it can adversely affect both the compensation of other Pruvers as well as the profits of Pruvit.

10.  As part of Pruvit's business, it holds an exclusive sub-license to market ketone products that utilize BHB salts in the network marketing space. For years, Pruvit has actively marketed and sold a product line that utilizes this ketone technology.  In order to protect this license, the technology, Pruvit's customers, and its Pruvers, Pruvit requires each Pruver to agree to its Statement of Policies and Procedures (the "Pruver Agreement").  To maintain active Pruver status and to be eligible for any commissions and/or bonuses, Pruvers must agree to the terms of the current Pruver Agreement, which Kio did.

11.  The Pruver Agreement, in pertinent part, prohibits a Pruver (such as Kio), during the term of the agreement and for a period of time following separation from Pruvit, from the following:

- Promoting products for other companies that compete with products offered by Pruvit;

- Recruiting Pruvit promoters and customers for any other direct sales or network marketing business;

- Engaging in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and

- Promoting non-Pruvit products or services on the same social media site as Pruvit's products.

12.     As Pruvers continue to rise within the ranks of Pruvit, they are eligible to be elevated to the Ownership Pool. With that elevation, the Pruver, such as Kio, agrees to the terms and conditions of the Promoter Ownership Pool Agreement in exchange for additional compensation ("Pool Agreement").  Under Pool Agreement, the Pruver agrees to the following:

- Promoter shall not directly or indirectly, or through an affiliate of under a contract with another entity, advertise, market, promote, accept orders for, sell, ship or distribute any products or services of any unrelated entity in the "Direct Sales/Network Marketing" space.

- Promoter further agrees that for a one (1) year period, immediately following termination of this Agreement, Promoter shall not initiate contact with, recruit, solicit, sponsor, or induce or attempt to initiate contact with, recruit, solicit, sponsor, or induce, any Company customer or Promoter to leave the Company, cease being a customer or Promoter of Company, or participate in or become a Promoter or distributor of any other company, including without limitation Promotor's business ventures.

- Promoter further agrees not to disparage Pruvit.

- Promoter further agrees that during the term of the Agreement and one (1) year period, immediately following termination of this Agreement, Promoter shall not render advice or services to, assist, be engaged with, concern or have business dealings in the Direct Sales/Network Marketing space or any entity that markets, sells or distributes products that are food, beverage or dietary supplement products.

13.    Defendant Kio is a former Pruver whose relationship with Pruvit was terminated on or about July 13, 2023.  The Pruver Agreement and the Pool Agreement prohibit Defendant Kio from recruiting Pruvers or customers to engage with or become a promoter, customer or distributor for another company.

14.    Defendant Kio is actively engaging in efforts to promote and sell products of a competitor company of Pruvit named Green Compass, Inc. ("Green Compass").  Green Compass develops and promotes wellness products competitive with those of Pruvit.

15.    Defendant breached section 12 of the Pool Agreement where Kio agreed that she would not initiate contact with, recruit, solicit, sponsor or attempt to initiate contact with any customer or promoter of Pruvit for a year after her termination.

Section 12 of the Pool Agreement provides:

12.  **Non-Solicitation/Recruitment**.  During the term of this Agreement, Promoter shall not directly or indirectly, or through an affiliate or under a contract with any other entity, solicit (advertise, market, promote, accept orders for, recruit, sell, ship, or distribute) any products or services for any non-Pruvit opportunity, product, or service of any kind through their social media channels unless otherwise pre-approved by Pruvit Compliance. Any Promoter seeking such authorization must submit a written request to compliance@pruvithq.com. Promoter further agrees that for a one (1) year period, immediately following termination of this Agreement, Promoter shall not initiate contact with, recruit, solicit, sponsor, or induce, or attempt to initiate contact with, recruit, solicit, or induce, any Company customer or Promoter to leave the Company, cease being a customer or Promoter of Company, or participate in or become a Promoter or distributor of any other company, including without limitation Promoter's business ventures.  Promoter further agrees that he/she shall not instruct or coordinate with any other third party to do so, including but not limited to any other Company Promoters. The foregoing shall include using social media to contact third parties known to be Promoters of Company.  Further, Promoter shall not solicit or contact any employee of the Company with a view to inducing or encouraging such employee to discontinue or curtail any business relationship with the Company.

16.    Defendant's efforts are also a breach of paragraph 3.6 of the Pruver Agreement which prohibits the promotion of competitive products and the promotion of non-Pruvit products and services on the same social media sites as Pruvit's products and services Paragraph 3.6 of the Pruver Agreement provides:

**3.6 Solicitation for Other Companies or Products**

a. During the term of the Pruver Agreement and for six (6) months thereafter, a Pruvit Promoter may not Solicit any fellow Pruvit Promoter or Active Customer for any Direct Sales or Network Marketing business, unless that Promoter or Customer was personally Sponsored by such Promoter.

b. During the term of the Pruver Agreement, a Pruvit Promoter may not offer or sell Competing Products or Solicit any fellow Pruvit Promoter or Active Customer for any Competing Product opportunity, or any other Direct Sales/Network Marketing opportunity.

c. A Promoter is prohibited from Soliciting any fellow Pruvit Promoter or Customer for any non-Pruvit opportunity at or immediately following any Pruvit-related meeting, event, seminar, convention, or other forum of any kind, live or virtual (e.g. online chats, Pruvit Facebook Groups, live video streams, etc.), that other Pruvit Promoters or Customers are known to be attending. A Promoter may also not offer or sell any "swag" (clothing, accessories, shakers, etc.) at any such event without the prior written authorization of Pruvit's Compliance Department.

17.    Defendant is aggressively recruiting Pruvit's customers and promoters in further violation of her contractual obligations to Pruvit. Defendant Kio engaged in this conduct prior to and after the termination of her promoter relationships with Pruvit.

18.    Defendant has recruited current Pruvers to join Green Compass via Facebook posts, text messages, and face-to-face interactions. Defendant's various online and social media accounts are replete with examples of such breaches. Defendant has posted videos promoting Green Compass over Pruvit and invited current Pruvers to participate and comment. For example:



**Casey Kio** is at **Tre Famiglia Ristorante**.
July 29 at 8:27 AM · Haddonfield, NJ · ⊙                                         •••

One of the things we talked about last night at dinner was CULTURE. Culture within the team and from the top leadership down.

I've been quiet about my changing businesses for weeks now and I'll be honest, it's been out of fear. I'm tired of being harassed and sent "cease and desist" letters every two days. For a "volunteer army" position. So let's talk about culture.

You know the old quote, "people don't leave where they are appreciated"?  Well that is so true!  In my prior team, the culture had been becoming more and more toxic for awhile. When you get a large amount of estrogen in a room and also some very large egos and greed, it's bound to happen. But this was exceptionally bad.

But if I'm being honest, the culture at the company was not great either. I don't want to be with a company that doesn't have strong morals and ethics. There are many examples I could provide but I am not here to shed light on those tales today!

I'd rather share that the culture there isn't the norm. I didn't realize that until I joined GC!  You shouldn't be made to feel less than. You shouldn't be bullied or harassed - ever!  It's not ok! There should NEVER be sexual innuendos tossed about like confetti at a company event. EVER!

As we talked about culture last night it struck me!  So many people NEED this change. They need to see there is a better way!  That not all companies are like that and you don't have to feel anything but pure joy, excitement and inclusion with your business.

This team!  Gahhh 🥰. This team has opened their arms to our entire squad!  They've not only welcomed us in, but they have really leaned into us, and also trusted in us to share what we have learned over the years.  They share resources, tag each other in posts, share content and strategies openly without a scarcity mindset!  They truly embody inclusivity and family-oriented leadership!  Where EVERYONE is welcome and all are valued.

So if you're looking for a place where you can truly fit in and shine as your greatest self, let me introduce you to my family!  We are waiting for you with open arms!!! 🤗  #feelslikehome #changeisgood #newadventures



19.    Defendant is aware that the individuals they are recruiting away from Pruvit are

subject to and bound by non-competition and confidentiality clauses in the Pruver Agreement and

the Pool Agreement – the same contractual obligations that Defendant is bound to follow. Despite

such knowledge and awareness, Defendant has proceeded to actively solicit other Pruvers and encourage them to leave Pruvit and purchase and sell competing wellness products.

20.    Pruvit recently became aware of Defendant's improper and malicious efforts because some Pruvers have rebuffed Defendant. The full breadth of Defendant's misconduct is unknown.

21.    Defendant's conduct constitutes a breach of the Pruver Agreement and the Pool Agreement. Defendant's conduct also constitutes tortious interference with Plaintiff's contracts, specifically the agreements with Plaintiff's Pruvers and its current and future customers. There is also a reasonable probability Pruvit would have recruited and contracted with more Pruvers and customers had Defendants not breached their contractual obligations.

22.    Discovery of Green Compass' distributor and customer lists is expected to reveal Pruvers and Pruvit customers who were not only recruited, but left Pruvit, and joined Green Compass due to Defendant's improper conduct.  Pruvit also anticipates that upon the completion of its investigation, additional entities and/or individuals will be identified to have participated or conspired with Defendant in the misconduct made a subject of this suit.

## V.
## CAUSES OF ACTION

23.    The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

## COUNT 1--BREACH OF CONTRACT

24.    Pruvit and Defendant entered into the above-referenced Pruver Agreement and Pool Agreement. The Pruver Agreement and Pool Agreement specifically provide, in pertinent part, that Defendant is not to: (1) promote products for other companies that compete with products offered by Pruvit; (2) solicit Pruvit promoters and customers for any other direct sales or network

marketing business; (3) engage in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and (4) promote non-Pruvit products or services on the same social media site as Pruvit's products and services. Pruvit performed under its agreements with Defendant by supplying her with services and products to sell and by giving her a platform to generate income.

25.    Defendant Kio has breached the Pruver Agreement and Pool Agreement, by promoting and selling competitive products, including on the same social media site as those products and services of Pruvit, and recruiting other Pruvers for her own benefit and/or that of a competitor. Defendant further breached the Agreements by promoting and selling Green Compass products to current and former Pruvers and customers of Pruvit. Pruvit expects that more breaches will be revealed through discovery in this case.

26.    As a result of these breaches, Pruvit has suffered harm, and will continue to suffer actual damage or loss, including lost profits, loss of good will and harm to customer relationships, and loss of future contracts and business prospects, all for which Defendant Kio is liable.

**COUNT 2–TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS**

27.    Pruvit was a party to valid contracts with third parties, including its Pruvers and customers.

28.    Defendant Kio has willfully and intentionally interfered with those contracts by encouraging current Pruvers and customers of Pruvit to cease doing business with Pruvit. Pruvit fully expects that additional specific Pruvers and contracts will be revealed through discovery in this case. Defendant knew these third parties had contracts with Pruvit when she contacted them. Defendant's interference with Pruvit's contracts proximately caused Pruvit actual damages and losses. Moreover, Defendant's interference has caused, and continued to cause, disruption to

Pruvit's business.

## COUNT 3– TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

29.    Additionally, there was a reasonable probability that Pruvit would have entered into contracts with Pruvers and customers, had Defendant Kio not intentionally interfered with the formation of those relationships. Defendant Kio intentionally interfered with those relationships. Defendant's interference with Pruvit's prospective contracts proximately caused Pruvit actual damages and losses, including loss of those contracts and sales generated therefrom.  Moreover, Defendant Kio's interference has caused, and continues to cause, disruption to Pruvit's business.

## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

30.    The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

31.    Pruvit's Application for Temporary Restraining Order and Temporary Injunction is authorized by Sections 65.011(2) and (3) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

32.    Pruvit is likely to suffer permanent and irreparable harm if an injunction is not entered.  There is no other adequate remedy at law and Pruvit seeks the equitable intervention of this Court. Therefore, for the foregoing reasons as stated above in this Petition, Pruvit requests the Court issue a Temporary Restraining Order and Temporary Injunction immediately restraining and enjoining the conduct outlined in the preceding paragraphs.

33.    **Conduct to be Restrained.**  In order to preserve the status quo pending the final trial on the merits of this case, Pruvit asks this Court to issue a Temporary Restraining Order and Temporary Injunction to restrain and enjoin Defendant Kio, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities,

successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from engaging in any of the following:

a. Inducing, in any manner, any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit;

b. Inducing, in any manner, any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit;

c. Inducing, in any manner, any existing promoter of Pruvit to violate or breach the terms of his/her/its Pruver Agreement;

d. Directly or indirectly recruiting, in any manner, any other Pruvit promoters and customers for any other direct sales or network marketing business;

e. Promoting, in any manner, non-Pruvit products or services on any social media sites or platforms used to promote Pruvit's products previously;

f. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Pruvit or any of its products and services; and

g. Promoting or marketing Green Compass' products, to existing customers and promoters of Pruvit.

34.    **Plaintiff is Likely to Succeed on the Merits.**  Pruvit has a probable right to relief upon final hearing. In particular, Pruvit will present evidence of Defendant Kio's breach of and interference with contracts and evidence of causation and the extent of Pruvit's damages.

35.    **Harm to Plaintiff is Imminent and Irreparable.**  Harm to Pruvit is imminent and irreparable.  Defendant Kio's conduct is ongoing and has caused and will continue to cause irreparable harm to Pruvit.  The damage to Pruvit's reputation and that of its products, as well as the continuing disruption caused by Defendant Kio to Pruvit's business is immeasurable.

Moreover, so long as Defendant Kio conduct continues, it will be impossible to identify and calculate the extent of the harm to Pruvit and quantify Pruvit's damages.

36.    **No Adequate Remedy at Law.**  In the absence of injunctive relief, Pruvit has no adequate remedy at law. Breach of non-compete, non-disclosure, and non-solicitation agreements is the epitome of irreparable harm justifying injunctive relief. Further, Defendant is not a Texas resident and upon information and belief lacks property or assets in Texas sufficient to satisfy a judgment for damages. It is essential that the Court immediately restrain Defendant Kio from continuing the conduct described herein. Pruvit is willing to post a bond in accordance with TEX. R. CIV. P. 684.

37.    **Hearing.**  In compliance with the TEXAS RULES OF CIVIL PROCEDURE, Pruvit is entitled to a hearing providing the relief requested above to give it an opportunity to be heard by the Court.  Pruvit requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

38.    **Permanent Injunctive Relief.**  Pruvit further pleads for a permanent injunction, enjoining Defendant Kio from engaging in the above acts for the appropriate time period as agreed by the parties, following a trial of this cause.

## VII.
## CONDITIONS PRECEDENT

39.    All conditions precedent to Pruvit's right to bring the above causes of action, and for recovery requested herein, have been performed, excused, or otherwise already occurred.

## VIII.
## <u>EXEMPLARY DAMAGES</u>

40.     Pruvit is entitled to exemplary damages for Defendant Kio's intentional conduct, because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages. Pruvit seeks an award of such damages.

## IX.
## <u>ATTORNEY FEES</u>

41.     Pruvit seeks the recovery of attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.

## X.
## <u>PRAYER</u>

40.     Pruvit therefore requests that Defendant Casey Kio be cited to appear and answer, and that upon final hearing, Pruvit be awarded the following:

(1)     A Temporary Restraining Order, Temporary Injunction, and Permanent Injunction be issued restraining and enjoining Defendant Kio, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from the conduct described herein;

(2)     Pruvit be granted judgment against Defendant Casey Kio for damages within the jurisdictional limits of this Court;

(3)     Defendant Casey Kio be disgorged of any profits obtained because of the subject breaches and improper conduct referenced herein;

(4)     Pruvit be granted judgment against Defendant Casey Kio for exemplary damages within the jurisdictional limits of this Court;

(5)     Pruvit be granted judgment against Defendant Casey Kio for reasonable and necessary attorney's fees, costs of suit, and pre- and post-judgment interest; and

(6)     Pruvit be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**

_____
**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**KELLY E. KLEIST**
State Bar No. 24046229
kelly.kleist@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Tel.:    (214) 472-2100
Fax:    (214) 472-2150

**ATTORNEYS FOR PLAINTIFF
PRUVIT VENTURES, INC.**

## VERIFICATION

**STATE OF TEXAS**                     §
                                       §
**COUNTY OF COLLIN**                   §

      Before me, the undersigned Notary Public, on this day personally appeared Jenifer Grace, who, after being duly sworn, stated under oath that she is the Chief Legal Officer for Pruvit Ventures, Inc., that she has read Plaintiff Pruvit Ventures, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Application"), and that she is authorized to make this verification and apply for injunctive relief. Jenifer Grace further stated that every statement of fact contained in the Statement of Facts (Paragraphs 7-20), along with the excerpted post in paragraph 16, are, upon information and belief, true and correct.



Jenifer Grace, Chief Legal Officer
Pruvit Ventures, Inc.

      **SUBSCRIBED AND SWORN TO BEFORE ME** on the _8th_ day of August, 2023, to certify which witness my hand and official seal.

> TARRIN VANDERVEN
> Notary Public, State of Texas
> Comm. Expires 12-27-2025
> Notary ID 131391590

Notary Public for the State of Texas

---

**PLAINTIFF PRUVIT VENTURES, INC.'S VERIFIED ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**                     **Page 15**

## LOCAL RULE 2.4 CERTIFICATE

In accordance with Local Rule 2.4(b), the undersigned certifies that irreparable harm is imminent and there is insufficient time to notify Casey Kio of Pruvit's Application for Temporary Restraining Order.

BYRON K. HENRY

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Katie Branch on behalf of Byron Henry
Bar No. 24008909
katie.branch@solidcounsel.com
Envelope ID: 78294617
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description: Plaintiff Pruvit Ventures, Inc.'s Verified Original Petition
and Application for Temporary Restraining Order, Temporary Injunction,
and Permanent Injunction
Status as of 8/8/2023 10:04 AM CST

Associated Case Party: Pruvit Ventures, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Byron K.Henry | | byron.henry@solidcounsel.com | 8/8/2023 9:15:06 AM | SENT |
| Kelly Kleist | | Kelly.Kleist@solidcounsel.com | 8/8/2023 9:15:06 AM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 8/8/2023 9:15:06 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jenifer Grace | | filings@gracefirm.com | 8/8/2023 9:15:06 AM | SENT |

Filed: 6/9/2023 8:20 AM
Michael Gould
District Clerk
Collin County, Texas
By Kathy Richardson Deputy
Envelope ID: 78337789

471-04329-2023

## CAUSE NO. _____

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **471st** |
| | § | **____ JUDICIAL DISTRICT** |
| **CASEY KIO,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

On this day came on to be heard the application of Plaintiff, Pruvit Ventures, Inc., for a Temporary Restraining Order, requesting that the Court grant injunctive relief against Defendant Casey Kio ("Defendant"). The Court, having considered Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and the arguments presented, enters the following findings and orders:

The Court finds that it will be impossible to accurately measure in monetary terms the damages caused by Defendant's ongoing conduct. The Court finds that Plaintiff has been injured by Defendant's actions made the subject of Plaintiff's Original Petition, and without the issuance of this Order, Plaintiff will continue to suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described therein is not enjoined. Specifically, Defendant's misconduct includes actively engaging in efforts, as recently as this month, to promote and sell products of a competitor, recruiting other Pruvit representatives and customers to a competitor, and promoting competitive products and services, violating her respective Pruver Agreement and Pool Agreement.

The Court finds that Plaintiff has demonstrated a likelihood of success of prevailing

on the merits with respect to its claim against Defendant in this lawsuit, and that Plaintiff does not have an adequate remedy at law because monetary damages alone will not sufficiently redress Plaintiff's injuries and losses in this lawsuit, which also include losses and damages to Pruvit's network or representatives. The Court finds that the injury to Plaintiff, if Defendant continues the conduct described in Plaintiff's Original Petition, would outweigh any injury the restraining order and injunction might cause Defendant, and issuance of the restraining order and injunction would not disserve the public interest.

IT IS THEREFORE ORDERED that from the date of the entry of this Order, Defendant, her respective agents, attorneys, representatives, affiliates, and assigns, and any and all other persons under their control and/or direction, or acting in active concert and participation with Defendant, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

a. Inducing, in any manner, any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit;

b. Inducing, in any manner, any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit;

c. Inducing, in any manner, any existing promoter of Pruvit to violate or breach the terms of his/her/its Pruver Agreement;

d. Directly or indirectly recruiting, in any manner, any other Pruvit promoters and customers for any other direct sales or network marketing business;

e. Engaging, or attempting to engage, in any transactions relating to the business of Pruvit, including any soliciting, promotion or selling of health and wellness products with a company other than Pruvit; and

f. Promoting, in any manner, non-Pruvit products or services on any social media sites or platforms used to promote Pruvit's products previously;

g.   Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Pruvit or any of its products and services; and

h.   Promoting or marketing Green Compass Inc.'s products, to existing customers and promoters of Pruvit.


IT IS FURTHER ORDERED that this Order shall become effective on the condition that Plaintiff posts a bond in the sum of $__500.00__ properly conditioned and securing the payment of such damages not to exceed said sum as may be suffered or sustained by the party who is found to have been wrongfully restrained.

IT IS FURTHER ORDERED that a hearing on Plaintiff's application for temporary injunction will be held before this Court on the __23rd__ day of __August__, 2023 at __1:00__ o'clock __p.__ m. unless continued by Order of the Court.  Defendant is hereby put on notice that failure to attend the hearing shall result in immediate issuance of a temporary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of this Order and shall extend during the pendency of this action the same injunctive relief previously granted by this Order.

This Order shall expire on __the 23rd__ day of __August__, 2023 at __1:00__ o'clock __p.__ m.

SIGNED this __9th__ day of August, 2023, at __10:57__ __a__ .m.


_Andrea K. Bowress_
JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 78337789
Filing Code Description: Proposed Order
Filing Description: TRO
Status as of 8/9/2023 11:38 AM CST

Associated Case Party: Pruvit Ventures, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Byron K.Henry | | byron.henry@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |
| Kelly Kleist | | Kelly.Kleist@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jenifer Grace | | filings@gracefirm.com | 8/9/2023 8:20:19 AM | SENT |
| Katie Branch | | katie.branch@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |

Filed: 6/9/2023 8:20 AM
Michael Gould
District Clerk
Collin County, Texas
By Kathy Richardson Deputy
Envelope ID: 78337789

471-04329-2023

## CAUSE NO. _____

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **\_\_\_\_ JUDICIAL DISTRICT** |
| | § | 471st |
| **CASEY KIO,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | **COLLIN COUNTY, TEXAS** |

## TEMPORARY RESTRAINING ORDER

On this day came on to be heard the application of Plaintiff, Pruvit Ventures, Inc., for a Temporary Restraining Order, requesting that the Court grant injunctive relief against Defendant Casey Kio ("Defendant"). The Court, having considered Plaintiff's Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction, and the arguments presented, enters the following findings and orders:

The Court finds that it will be impossible to accurately measure in monetary terms the damages caused by Defendant's ongoing conduct. The Court finds that Plaintiff has been injured by Defendant's actions made the subject of Plaintiff's Original Petition, and without the issuance of this Order, Plaintiff will continue to suffer immediate and irreparable injury, loss, or damage if Defendant's conduct described therein is not enjoined. Specifically, Defendant's misconduct includes actively engaging in efforts, as recently as this month, to promote and sell products of a competitor, recruiting other Pruvit representatives and customers to a competitor, and promoting competitive products and services, violating her respective Pruver Agreement and Pool Agreement.

The Court finds that Plaintiff has demonstrated a likelihood of success of prevailing

on the merits with respect to its claim against Defendant in this lawsuit, and that Plaintiff does not have an adequate remedy at law because monetary damages alone will not sufficiently redress Plaintiff's injuries and losses in this lawsuit, which also include losses and damages to Pruvit's network or representatives. The Court finds that the injury to Plaintiff, if Defendant continues the conduct described in Plaintiff's Original Petition, would outweigh any injury the restraining order and injunction might cause Defendant, and issuance of the restraining order and injunction would not disserve the public interest.

IT IS THEREFORE ORDERED that from the date of the entry of this Order, Defendant, her respective agents, attorneys, representatives, affiliates, and assigns, and any and all other persons under their control and/or direction, or acting in active concert and participation with Defendant, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly:

   a. Inducing, in any manner, any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit;

   b. Inducing, in any manner, any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit;

   c. Inducing, in any manner, any existing promoter of Pruvit to violate or breach the terms of his/her/its Pruver Agreement;

   d. Directly or indirectly recruiting, in any manner, any other Pruvit promoters and customers for any other direct sales or network marketing business;

   e. Engaging, or attempting to engage, in any transactions relating to the business of Pruvit, including any soliciting, promotion or selling of health and wellness products with a company other than Pruvit; and

   f. Promoting, in any manner, non-Pruvit products or services on any social media sites or platforms used to promote Pruvit's products previously;

     g.   Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Pruvit or any of its products and services; and

     h.   Promoting or marketing Green Compass Inc.'s products, to existing customers and promoters of Pruvit.

IT IS FURTHER ORDERED that this Order shall become effective on the condition that Plaintiff posts a bond in the sum of $500.00 properly conditioned and securing the payment of such damages not to exceed said sum as may be suffered or sustained by the party who is found to have been wrongfully restrained.

IT IS FURTHER ORDERED that a hearing on Plaintiff's application for temporary injunction will be held before this Court on the 23rd day of August, 2023 at 1:00 o'clock p. m. unless continued by Order of the Court.  Defendant is hereby put on notice that failure to attend the hearing shall result in immediate issuance of a temporary injunction, which shall be deemed to take effect immediately upon the expiration or dissolution of this Order and shall extend during the pendency of this action the same injunctive relief previously granted by this Order.

This Order shall expire on the 23rd day of August, 2023 at 1:00 o'clock p. m.

SIGNED this 9th day of August, 2023, at 10:57 a .m.

_Andrea K. Bowressa_
JUDGE PRESIDING

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 78337789
Filing Code Description: Proposed Order
Filing Description: TRO
Status as of 8/9/2023 11:38 AM CST

Associated Case Party: Pruvit Ventures, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Byron K.Henry | | byron.henry@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |
| Kelly Kleist | | Kelly.Kleist@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jenifer Grace | | filings@gracefirm.com | 8/9/2023 8:20:19 AM | SENT |
| Katie Branch | | katie.branch@solidcounsel.com | 8/9/2023 8:20:19 AM | SENT |